UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br><br>        Plaintiff,<br><br>   v.<br><br>CASTILLO, et al.,<br><br>        Defendants. | No. 1:24-cv-00831-KES-EPG (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 14) |

      Plaintiff Jeremy Jones is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On January 13, 2025, plaintiff filed a first amended complaint. On February 18, 2025, the assigned magistrate judge issued findings and recommendations recommending that this case proceed only on plaintiff's claims that defendants Correa and Castillo denied plaintiff equal protection of the law in violation of the Fourteenth Amendment. Doc. 14. The findings and recommendations also recommended that all other claims and defendants be dismissed and provided plaintiff thirty days to file objections. *Id.* After receiving an extension of time to file objections, plaintiff filed objections. Doc. 17.

      In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of

1

1  this case. In his objections, plaintiff first challenges the finding that he failed to state a claim as to
2  deliberate indifference to a serious medical need. Plaintiff asserts that his eye condition
3  constituted a serious medical need and that in another of his cases, Case No. 1:22-cv-01119-SKO
4  (PC), the court found that he stated such a claim. Doc. 17 at 1-2. However, here, although
5  plaintiff generally alleges that various defendants prevented him receiving medical care,
6  plaintiff's conclusory statements fail to state a claim for deliberate indifference to a serious
7  medical need.[1]

8  Plaintiff further contends that the findings and recommendations erred in finding that he
9  failed to state a retaliation claim. *Id.* at 3–4. Plaintiff objects that defendant Castillo retaliated
10 against him for "pushing too much paperwork" and filing grievances by not allowing him to wear
11 his medically necessary sunglasses, which he required due to his eyes' extreme sensitivity to
12 light. Doc. 17. In this respect, the FAC alleges that Castillo told plaintiff, "since you're pushing
13 policy, I'm pushing policy," and from that point on berated and harassed plaintiff to remove his
14 medically required sunglasses while allowing inmates of other races to wear their sunglasses.
15 Doc. 12 at 15–16. Liberally construing plaintiff's allegations and drawing all reasonable
16 inferences in plaintiff's favor, plaintiff has sufficiently stated a colorable claim of retaliation
17 against defendant Castillo for the purposes of screening.

18 However, plaintiff fails to state sufficient allegations to support a claim of retaliation
19 against defendant Correa. In his objections, plaintiff recites many of the same allegations that the
20 magistrate judge found were insufficient to state a retaliation claim as to Correa and plaintiff fails
21 to point to factual allegations that would support such a claim against Correa. Because the FAC
22 lacks any factual allegation that would indicate that Correa's conduct was motivated by plaintiff
23 having filed grievances or appeals, the findings and recommendations properly found that
24 plaintiff failed to state a claim for retaliation against Correa.
25 ///
26

27 [1] Plaintiff alleges that defendant Corea taunted him while escorting plaintiff to a dental
    appointment, but this allegation is insufficient to state a claim for deliberate indifference because
28  there is no allegation that plaintiff was denied any medical treatment.

2

Accordingly:

1. The findings and recommendations issued on February 18, 2025 (Doc. 14) are adopted in part.
2. This case proceeds only on plaintiff's claims for (1) denial of equal protection of the law in violation of the Fourteenth Amendment against defendants Correa and Castillo, and (2) retaliation in violation of the First Amendment against defendant Castillo.
3. All other claims and defendants are dismissed without further leave to amend.
4. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   October 13, 2025

_____
UNITED STATES DISTRICT JUDGE